IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOANNE BAILEY,

        Plaintiff,

v.                                  No. 15cv444 MCA/KBM

MAINSTAYS,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS MATTER** comes before the Court on *pro se* Plaintiff Joanne Bailey's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 26, 2015 ("Application"), and on her Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 26, 2015 ("Complaint"). For the reasons stated below, the Court will **DENY** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee[1] for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee. Failure to timely pay the filing fee or show cause may result in dismissal of this case without prejudice. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) her and her spouse's combined monthly income is $6,994.00; (ii) their combined monthly expenses are $5,506.00 or $5971.45;[3] (iii) Plaintiff and her spouse have $40.00 in cash; and (iv) she cannot pay the costs of these proceedings because of

---

[2] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00. *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. *See* Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Department, No. 01-3055 (10th Cir. May 11, 2001).

[3] Item 8 of the IFP Application is a table where the applicant estimates the monthly amounts for several expenses including housing, utilities, food, clothing, etc. At the bottom of the table is a blank to fill in the total amount of the itemized monthly expenses. Plaintiff indicated the total monthly expenses for her and her spouse are $4,423.00 and $1,083.00, respectively, for a combined total of $5,506.00. The Court added the itemized expenses and calculated totals of $4,656.94 and $1,304.51, for Plaintiff and her spouse, for a combined total of $5961.45.

"financial hardship."  It appears that Plaintiff is presently able to pay the $400.00 fee for instituting a new case because her and her spouse's combined monthly income exceeds their combined monthly expenses by more than $1000.

Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.  Failure to timely pay the filing fee or show cause may result in dismissal of this case without prejudice.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217.  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the

complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

> Plaintiff's Complaint states the following:
>
> My name is Joanne Bailey and I am writing you to file a formal complaint against the Company Mainstay, for a civil rights violation on my ethnic group. Mainstay allowed their company to manufacture certain types of racial accusations against my race, by posting on their futon purchase boxes…..BLACK COLOR NEGRO. This remark is solely related to the African American race and not Hispanic because they do not show the [accent mark] over the e in Negro. I noticed this in Wal-mart in Los Lunas while looking for a Futon for my grandson for his new apt. I was in shock for him when I saw this before my eyes.
>
> I was embarrassed to have or to have not explain that to him. We just left and did not buy the futon. Later on down the road some days or so, I checked the box and it had a hole in it. Part of the material which was extremely black was pulled out of the box. It was as if someone wanted to see the color of a negro….. Something has to be done about these company's using the African American race to support the sale of their merchandise. What I want done is to put a law out there requiring the company's to not use African Americans race to describe the color of the merchandise…..

[sic] Doc. 1 at 3. Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and checked "yes" in response to the question "At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?"

The Court will dismiss the civil rights claims against Defendant Mainstays because Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be

4

caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Plaintiff's Complaint does not contain any factual allegations that Mainstays was a state actor. Checking the box on the civil rights complaint form indicating that Mainstays was acting under color of state law is not sufficient. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

Because it is dismissing all of Plaintiff's claims, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 26, 2015, is **DENIED.** Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed May 26, 2015) is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**